UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
EASTERN DIVISION

| | | |
|---|---|---|
| JASON GOINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CORPORAL MARTY CORLEY, | ) | |
| AGENT CLYDE GRASS | ) | |
| AGENT LARRY KOEBCKE | ) | JURY DEMAND |
| AGENT DAN EVANS, Individually, | ) | |
| and MICHIGAN CITY, a | ) | |
| Municipal Corporation, | ) | |
| and Indiana Gaming Commission of | ) | |
| the State of Indiana | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiff, JASON GOINS, by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and complaining against the Defendants, CORPORAL MARTY CORLEY, AGENT CLYDE GRASS, AGENT LARRY KOEBCKE, AGENT DAN EVANS, individually, Michigan City, a municipal corporation, and the Indiana Gaming Commission of the State of Indiana, states as follows:

### COUNT I – EXCESSIVE FORCE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, JASON GOINS, accomplished by acts and/or omissions of the Defendants, CORPORAL MARTY CORLEY, AGENT CLYDE GRASS, AGENT LARRY KUEBCKE, AGENT DAN EVANS, and Michigan City, committed under color of law.

1

2. Jurisdiction is based on Title 28 U.S.C. §1331, §1343, and supplemental jurisdiction under the State of Indiana.

3. The Plaintiff, JASON GOINS, was at all relevant times a United States citizen and a resident of the state of Illinois.

4. At all relevant times, the Defendant, CORPORAL MARTY CORLEY, was a duly appointed Michigan City Police Officer acting within his scope of employment and under color of law.

5. At all relevant times the defendants AGENT CLYDE GRASS, AGENT LARRY KUEBCKE, and AGENT DAN EVANS were duly appointed Indiana Gaming Agents for the State of Indiana acting within the scope of their employment and under color of law.

6. On or about January 31, 2021, the plaintiff, JASON GOINS, was a patron of the Blue Chip Casino in Michigan City.

7. The plaintiff was playing at a table when for no legal reason he was asked to leave by the defendants.

8. The plaintiff, JASON GOINS, after having words was told he was under arrest by Corporal Marty Corley.

9. The plaintiff had not committed a crime.

10. There was no probable cause to arrest the plaintiff.

11. The Defendant Officers grabbed him and slammed him against a gaming table and used additional force thereafter

12. The force used by the Defendants was unprovoked.

13. Said use of force was excessive and unreasonable.

14. The Plaintiff, JASON GOINS, was injured and received hospital care.

15. At all relevant times, the Defendants CORPORAL MARTY CORLEY, AGENT CLYDE GRASS, AGENT LARRY KUEBCKE, AGENT DAN EVANS, were acting pursuant to the customs and policies of the Michigan City Police Department and the Indiana Gaming Commission of the State of Indiana.

16. The actions of the Defendants were intentional, willful, and with malice.

17. Said actions of the Defendants, violated the Plaintiff, JASON GOINS'S Fourth and Fifth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

**WHEREFORE,** the Plaintiff, JASON GOINS, prays for judgement in his favor and against the Defendants, CORPORAL MARTY CORLEY, AGENT CLYDE GRASS, AGENT LARRY KUEBCKE, AGENT DAN EVANS, individually, jointly, and severally for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

### COUNT II – FALSE ARREST

1-17.   The Plaintiff, JASON GOINS, hereby realleges and incorporates his allegations of paragraphs 1 – 17 of Count I as his respective allegations of paragraphs 1 – 17 of Count II as though fully set forth herein.

 18. The Defendant, CORPORAL MARTY CORLEY, in a fabricated effort to justify his actions, charged the Plaintiff with disorderly conduct and resisting arrest.

19. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, JASON GOINS suffered violations of his constitutional rights, emotional anxiety, fear, humiliation, monetary loss, pain, and suffering.

**WHEREFORE,** the Plaintiff, JASON GOINS, prays for judgement in his favor and against the Defendant, CORPORAL MARTY CORLEY, for reasonable compensatory damages, punitive damages, plus attorneys' fees and costs.

## COUNT III – INDEMNIFICATION

1-19. The Plaintiff, JASON GOINS, hereby realleges and incorporates his allegations of paragraphs 1 – 19 of Count II as his respective allegations of paragraphs 1 – 19 of Counts I and II as his respective allegations of paragraphs 1-19 of Count III..

20. Indiana law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within the scope of their employment activities.

21. The Defendant, CORPORAL MARTY CORLEY, was or is an employee of the Michigan City Police Department, who acted within his scope of employment in committing the misconduct described herein.

22. The Defendants, AGENT CLYDE GRASS, AGENT LARRY KUEBCKE, AGENT DAN EVANS, were or are employees of the Indiana Gaming Commission, State of Indiana acting within the scope of their employment.

**WHEREFORE,** should the Defendants be found liable for any of the acts alleged above, the Defendant, State of the Indiana Gaming Commission, would be liable to pay the Plaintiff, JASON GOINS, any judgement obtained against said Defendant: for reasonable compensatory damages, plus attorneys' fees and costs.

## JURY DEMAND

The Plaintiff, JASON GOINS, hereby requests a trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis
One of Plaintiffs' Attorneys

Gregory E. Kulis
Gregory E. Kulis & Associates, Ltd.
134 N. LaSalle Street, Suite 444
Chicago, Illinois 60602
Tel. (312) 580-1830

## CERTIFICATE OF SERVICE

The undersigned non-attorney hereby certifies that the above **Plaintiff's Complaint** was filed on January 30, 2023 with the Northern District of Indiana ECF System, thereby serving a copy on all parties.

*/s/ Allison Blanchard*
Gregory E. Kulis & Associates, Ltd.